IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| REFINED METALS CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No.: 1:19-cv-4578 |
| | ) | |
| v. | ) | |
| | ) | |
| NL INDUSTRIES, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**DEFENDANT NL INDUSTRIES, INC.'S NOTICE OF REMOVAL AND REQUEST
FOR RE-ASSIGNMENT BACK TO JUDGE SARAH EVANS BARKER**

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

PLEASE TAKE NOTICE that Defendant NL Industries, Inc. ("NL") hereby removes

this action from the Superior Court of the State of Indiana, County of Marion, to the United

States District Court for the Southern District of Indiana pursuant to 28 U.S. Code sections

1441(b) and 1446.  In support of its Notice of Removal, NL states as follows:

**PRIOR HISTORY OF LITIGATION**

This litigation is not new to this Court.  On November 21, 1990, the United States EPA

sued Refined Metals Corporation ("Refined Metals") to clean up its lead smelter in Beech

Grove, Indiana (the "Refined Metals Lead Smelter Site") in a case captioned *United States of

America v. Refined Metals Corporation*, Civil Action No. IP902077C, United States District

Court for the Southern District of Indiana (the 1990 Action").  The 1990 Action was assigned to

Judge Sarah Evans Barker.  After eight years of litigation, in 1998, Refined Metals agreed in a

Consent Decree approved by Judge Barker to fully and completely remediate the Refined

Metals Lead Smelter Site.

1

After waiting more than 19 years after the Consent Decree was entered and approved by Judge Barker, Refined Metals sued NL on July 28, 2017 claiming that it was entitled to relief under the Comprehensive Environmental Response, Compensation, and Liability Act of 1980 ("CERCLA"), and under the Indiana Environmental  Legal Action statute ("ELA").  *See Refined Metals Corp. v. NL Indus., Inc.*, No. 1:17-cv-02565-SEB-TAB (hereinafter "the 2017 Action"). Refined Metals alleged both federal question and diversity jurisdiction.  The 2017 Action was again assigned to Judge Sarah Evans Barker.  After considering NL's Motion for Dismiss, and Refined Metals' Opposition, Judge Barker dismissed Refined Metals' CERCLA claims, but found that Refined Metals had a technical defect in its pleading of diversity jurisdiction in that Refined Metals did not properly allege that there was in excess of $75,000 at stake, exclusive of interest and costs.  *See Refined Metals Corp. v. NL Indus., Inc.*, No. 1:17-cv-02565-SEB-TAB, at *16 (S.D. Ind. Sep. 25, 2018) ("There is also an allegation that "[t]he amount in controversy in this action exceeds $75,000.00 and is between citizens of different states[,]" *id*. ¶ 1, an invocation of our diversity jurisdiction.  *See* 28 U.S.C. § 1332.  However, the invocation is ineffective: the amount in controversy must exceed $75,000 "exclusive of interest and costs[.]'"). It allowed Refined Metals to refile its ELA count in Indiana State Court.

Refined Metals appealed to the Seventh Circuit Court of Appeals and the Seventh Circuit affirmed the decision and judgment of Judge Barker on August 22, 2019.  *See Refined Metals Corp. v. NL Indus. Inc.*, No. 18-3235, at *14 (7th Cir. Aug. 22, 2019).

After a rehearing and *en banc* petition was denied, on October 16, 2019, Refined Metals sued NL again solely under the ELA in Superior Court in the State of Indiana, Marion, County. The Summons and Complaint were mailed to NL on November 17, 2019.  NL has filed its petition for removal with this Court prior to the expiration of 30 days from service.  The case

should be removed and assigned back to Judge Sarah Evans Barker in that it is related to the prior cases decided by Judge Barker, and for which Judge Barker is already fully familiar, as briefing to decide the fate of Refined Metals' ELA claim has already been partially conducted before Judge Barker.

## STATEMENT OF JURISDICTION

1.      This action is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332, diversity jurisdiction, and is one that may be removed to this Court by NL, pursuant to the provisions of 28 U.S.C. §§ 1441 and 1446.

## COMMENCEMENT AND SERVICE

2.      On or about October 16, 2019, Refined Metals filed suit against NL in the Superior Court of the State of Indiana, County of Marion.  Attached as Exhibit 2 is a true and correct copy of the Complaint.  Attached in the State Court Record as Attachments 3-4 are the true and correct copies of the Summons.

3.      On October 24, 2019, NL received the Summons and Complaint.  Attached in the State Court Record as Attachment 9 is a true and correct copy of the Notice of Return of Summons and certified mail receipt.

4.      The Notice of Removal is thus timely filed within 30 days of service of the Complaint.  *See* 28 U.S.C. Section 1446(b); *Murphy Bros. v. Michetti Pipe Stringing*, 526 U.S. 344, 354, 119 S. Ct. 1322, 1328-29 (1999).

## BASIS FOR REMOVAL

5.      NL is entitled to remove the state court action to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, because this matter presents a civil action involving an amount in controversy exceeding $75,000, exclusive of costs and interest, between parties with complete

diversity of citizenship. *See* 28 U.S.C. § 1332(a) (district courts have original jurisdiction where the matter in controversy: (1) exceeds the sum of $75,000, exclusive of costs and interest; and (2) is between citizens of different states).

## BASIS FOR FEDERAL DIVERSITY JURISDICTION
### (Complete Diversity)

6.      This is an action between parties with complete diversity of citizenship. Diversity of citizenship exists where the matter in controversy is between citizens of different states. *See* 28 U.S.C. §1332(a). A corporation for purposes of 28 U.S.C. § 1332(a) is considered a citizen of any state in which it is incorporated and in which it has its principal place of business. 28 U.S.C. §1332(c).

7.      Refined Metals is a Delaware corporation with its principal place of business in Georgia. *See* Exhibit 2, Complaint at ¶ 1.

8.      NL is a New Jersey corporation with its principal place of business in Texas. *See* Exhibit 2, Complaint at ¶ 2.

9.      No change in the citizenship of NL has occurred since the commencement of the state court action. As Refined Metals and NL are from different states, complete diversity of citizenship exists, and the first prong of 28 U.S.C. § 1332(a) is satisfied.

### (Amount in Controversy)

10.     Under 28 U.S.C. § 1332(a), district courts have original jurisdiction where the matter in controversy exceeds the sum of $75,000, exclusive of costs and interest.

11.     NL is only required to demonstrate that the amount in controversy exceeds federal jurisdictional requirements by a preponderance of the evidence. Here, while Refined Metals has not specifically stated in the Complaint that the amount in controversy, exclusive of interest and costs, exceeds $75,000.00, it stated in the prior litigation that the federal court has jurisdiction of

its ELA claim, if all of its federal claims were dismissed.  As the Seventh Circuit Court of Appeals previously stated in *Refined Metals Corp. v. NL Indus. Inc.*, No. 18-3235, at \*14 (7th Cir. Aug. 22, 2019), Refined Metals "merely asserts that its claims under the ELA 'should be allowed to proceed on remand to the District Court.'"  Here, there is no genuine dispute that the amount of controversy exceeds $75,000, exclusive of costs and interest.   The Seventh Circuit has already found with regard to this dispute that Refined Metals plead an amount in controversy in excess of the statutory minimum.  *Refined Metals Corp. v. NL Indus. Inc.*, No. 18-3235, at \*15 (7th Cir. Aug. 22, 2019) ("Here, the plaintiffs did plead an amount in controversy in excess of the statutory minimum; they just neglected to specify that the excess existed exclusive of interest and costs." )

12.    NL denies any liability for the damages alleged in Refined Metals' Complaint. However, for purposes of determining whether the minimum amount in controversy has been satisfied, Refined Metals should be bound by what it already told this Court and the Seventh Circuit in the prior action over the same site and the same claims.

13.    Therefore, the amount in controversy exceeds the diversity jurisdictional minimum of $75,000, exclusive of costs and interest.

### (Venue)

14.    Venue properly lies in the United States District Court for the Southern District of Indiana, Indianapolis Division, because Refined Metals filed the state court action in this judicial district and division.  *See* 28 U.S.C. §§ 1441, 1446.

### (State Court Pleadings)

15.    Copies of all state court pleadings and orders are attached to this Notice of Removal. NL attaches and incorporates by reference true and correct copies of pleadings and

other documents that were previously filed with the state court, as well as the most recent copy

of the State Court docket:

- Attachment "A" –    Appearance Filed – Refined Metals Corporation
- Attachment "B" –    Complaint for Damages and Declaratory Judgment
- Attachment "C" –    Summons – NL Industries, Inc.
- Attachment "D" –    Summons – Chief Executive Officer – NL Industries, Inc.
- Attachment "E" –    Summons – Certificate of Issuance of Summons – NL Industries, Inc.
- Attachment "F" –    Summons – Certificate of Issuance of Summons – Chief Executive Officer – NL Industries, Inc.
- Attachment "G" –    Certificate of Issuance of Summons – NL Industries, Inc.
- Attachment "H" –    Certificate of Issuance of Summons – Chief Executive Officer NL Industries, Inc.
- Attachment "I" –    Notice of Return on Summons Exhibit A - Certified Mail Receipt
- Attachment "J" –    State Court Docket Sheet

## NOTICE TO STATE COURT AND TO COUNSEL

16.    Contemporaneously with the filing of this Notice of Removal in the United States

District Court for the Southern District of Indiana, written notice of the removal will be given by

the undersigned to Refined Metals' counsel of record.   A copy of this Notice of Removal will be

filed with the Clerk of the Superior Court of the State of Indiana, County of Marion, as required

by 28 U.S.C. § 1446(d).

## NOTICE OF RELATED CASE AND REQUEST TO RE-ASSIGN TO JUDGE BARKER

17.    In the Southern District of Indiana, cases may be transferred from one Judge to

another Judge when it is determined that a later-numbered case is related to a pending earlier-

numbered case assigned to another Judge. Local Rule 40-1(d) defines a related case as one

growing out of the same transaction or occurrence or involving the same property involved in

pending litigation.  Here, while the prior action is technically no longer pending, the new case

filed in the State Court in Indiana repeats the same ELA claim that was previously in front of

Judge Barker in the 2017 Action.  But for the pleading defect of Refined Metals in the 2017

Action, the ELA would still be in front of Judge Barker. For that reason, NL requests that the current action be assigned back to Judge Barker.

## PRAYER

WHEREFORE, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, NL hereby requests removal of this action from the Superior Court of the State of Indiana, County of Marion, to the United States District Court for the Southern District of Indiana.  Pursuant to Local Rule 40-1(d), the case should be assigned back to Judge Barker.

Date:  November 15, 2019

Respectfully submitted,

/s/ Joel L. Herz
Joel L. Herz
LAW OFFICES OF JOEL L. HERZ
3573 East Sunrise Drive, Suite 215
Tucson, Arizona 85718-3206
(520) 529-8080
(520) 529-8077 facsimile
joel@joelherz.com

Frank J. Deveau
State Bar No. 4692-49
Taft Stettinius & Hollister LLP
One Indiana Square, Suite 3500
Indianapolis, Indiana  46204-2023
(317) 713-3500
(317) 713-3699 – facsimile
fdeveau@taftlaw.com
*Counsel for NL Industries, Inc.*

## CERTIFICATE OF SERVICE

I certify that on the 15th day of November, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all attorneys of record.

s/ Joel L. Herz

8